1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  DAVE HANNAH,                        )   1:09-cv-01133-OWW-JLT HC
                                        )
12              Petitioner,             )   FINDINGS AND RECOMMENDATION RE:
                                        )   RESPONDENT'S MOTION TO DISMISS
13      v.                              )   THE PETITION (Doc. 1)
                                        )
14                                      )   ORDER DIRECTING OBJECTIONS TO BE
    WARDEN BEN CURRY,                   )   FILED WITHIN TWENTY DAYS
15                                      )
                Respondent.             )
16  _____)

17

18              **PROCEDURAL HISTORY**

19      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

21  February 5, 2009.[1]  On October 1, 2009, the Court ordered Respondent to file a response to the

22  _____

23      [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
    deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
24  clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
    mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
25  adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
    Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
26  AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on*
    *other grounds sub nom*.  Carey v. Saffold, 536 U.S. 214, 226 (2002).  The date the petition is signed may be considered the
27  earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v.
    Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal
28  petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature
    appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for

1

1    petition.  (Doc. 8).  On November 30, 2009, Respondent filed the instant motion to dismiss,

2    contending that certain claims were barred as untimely while the remaining claims fail to satisfy the

3    "in custody" requirement of federal habeas law.  (Doc. 10).  Petitioner did not file an opposition to

4    Respondent's motion to dismiss.

5    **DISCUSSION**

6    **A.  Procedural Grounds for Motion to Dismiss**

7    As mentioned, Respondent has filed a Motion to Dismiss the petition, based in part upon the

8    contention that the petition was filed outside the one year limitations period prescribed by Title 28

9    U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

10    dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it

11    that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

12    Section 2254 Cases.

13    The Ninth Circuit Court of Appeals has allowed Respondents to file a Motion to Dismiss in

14    lieu of an Answer, if the motion attacks the pleadings for failing to exhaust state remedies or for a

15    violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

16    1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies);

17    White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

18    motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

19    (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a

20    response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp.

21    at 1194 & n. 12.

22    In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C.

23    2244(d)(1)'s one year limitation period and Petitioner's failure to meet the "in custody" requirement.

24    Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss

25    for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a

26    formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority

27

28    calculating the running of the statute of limitation.  Here, Petitioner did not date either the form petition or the proof of service when he signed them.  (Doc. 1, pp. 7; 11).  Accordingly, the Court will use the actual filing date of February 5, 2009.

2

1 under Rule 4.

2 **B.  Reviewing Timeliness On A Claim-By-Claim Basis**.

3 Petitioner was convicted in the Merced County Superior Court of possession of

4 methamphetamine on June 13, 1996 in case number 18679.  (Lodged Document ("LD") 1).  On June

5 17, 1996, in case number 20627, Petitioner pleaded no contest to a failure to appear for court in

6 1995.  (Id.).  On July 16, 1996, Petitioner was sentenced to a term of twenty-five-years-to-life as a

7 "third striker."  (Id.).  The sentence was enhance by two years pursuant to California Penal Code

8 12022.1 and then the enhancement was doubled to four years and was ordered to be served

9 consecutively.  (Id.).  Petitioner was also given a twenty-five-year-to-life sentence for his failure to

10 appear.  (Id.).

11 The California Court of Appeal found that the enhancement was unauthorized and ordered it

12 corrected, but affirmed the conviction and sentence otherwise.  (LD 2).  Petitioner filed a petition for

13 review in the California Supreme Court that was denied on June 23, 1999.  (LD 3, 4).

14 Approximately seven years later, on March 23, 2006, Petitioner filed a motion for

15 modification of sentence, i.e., the restitution fines, in the Merced County Superior Court.  (LD 5).

16 The state court denied the motion to modify the restitution fines in case number 20627, but granted

17 Petitioner's motion in case number 18679.  (LD 7).  An amended abstract of judgment was ordered

18 by the state court.  (LD 8).  Subsequently, Petitioner filed six state habeas petitions, discussed *infra*,

19 relating to the restitution fines imposed in those two cases.

20 The instant petition raises eight grounds for relief: (1) modification of the sentence, i.e., the

21 restitution fines, is mandated by Penal Code § 1203.1; (2) the sentence was unauthorized because the

22 court failed to consider Petitioner's ability to pay restitution; (3) ineffective assistance of trial

23 counsel for failing to research the facts and law; (4) restitution fine was excessive in case no. 18679

24 in violation of Petitioner's due process and equal protection rights; (5) Petitioner's due process rights

25 were violated when he was required to wear a "stun belt" at trial without a showing of manifest need;

26 (6) ineffective assistance of trial counsel at voir dire; (7) juror misconduct during voir dire; and (8)

27 the trial court's failure to remove a juror for bias violated Petitioner's right to a fair trial.  (Doc. 1,

28 pp. 35-50).

1    As can be seen, Grounds three, five, six, seven, and eight relate to Petitioner's trial, while

2    Grounds one, two, and four relate to the restitution fines.  Respondent argues that, where some

3    claims are untimely and others are not, the prevailing view of the AEDPA is to analyze timeliness on

4    a claim-by-claim basis.  The Court agrees.

5    The issue of how to analyze timeliness under the AEDPA when individual claims vary as to

6    timeliness has split the federal circuits.  Compare Walker v. Crosby, 341 F.3d 1240 (11th Cir.

7    2003)("the statute of limitations in § 2244(d)(1) applies to the application as a whole; individual

8    claims within an application cannot be reviewed separately for timeliness."), with Fielder v. Varner,

9    379 F.3d 113 (3d Cir. 2004)("If § 2244(d)(1) is applied, as we believe it must be, on a claim-by-

10   claim basis, there is not problem, but if, as the Walker interpretation prescribes, the claim-by-claim

11   approach is rejected, there is nothing in § 2244(d)(1) that provides a ground for picking one [starting]

12   date over the other."); see Beckman v. Bagley, 487 F.3d 979 (6th Cir. 2007)(following Fielder).

13   The Ninth Circuit has not decided the issue; however, numerous federal district courts within

14   the Ninth Circuit have chosen to follow Fielder.  E.g., Green v. Cal. Dept. Of Corr., 2009 WL

15   393780 at *4 (C.D. Cal. Feb. 17, 2009); Nussbaum v. Salazar, 2008 WL 5377996 at *9-10 (C.D.

16   Cal. Dec. 22, 2008); Metcalf v. Vasquez, 2008 WL 780636 at *3 (C.D. Cal. March 24, 2008);

17   Murphy v. Idaho, 2007 WL 1959055 at *1-2 (D. Idaho July 3, 2007); Loomis v. Blades, 2006 WL

18   2265260 at *1-2 (D. Idaho Aug. 8, 2006); Cunningham v. Blades, 2006 WL 666307 at *2 (D. Idaho

19   March 13, 2006); Murphy v. Espinoza, 401 F.Supp.2d 1048, 1052 (C.D. Cal. 2005).

20   More to the point, the United States Supreme Court has suggested that the Third Circuit's

21   approach is the appropriate method of analysis.  In Pace v. DiGuglielmo, 544 U.S. 408, 416 n. 6, 125

22   S.Ct. 1807 (2005), the high court stated as follows:

23   [Section] 2244(d)(1) provides that a "1-year period of limitation shall apply to an application
     for a writ of habeas corpus."  (Emphasis added.)  The subsection then provides one means of
24   calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A)(date of
     final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B)
25   (governmental interference); § 2244(d)(1)(c) (new right made retroactive); § 2244(d)(1)(D)
     (new factual predicate).
26

27   The above language points toward the Fielder approach rather than the Eleventh Circuit's approach.

28   Given the weight of authority favoring the claim-by-claim approach, the Court will employ that

4

1   methodology in analyzing the timeliness of the claims in the instant petition.  Thus, since Grounds

2   three, five, six, seven, and eight, which relate to Petitioner's 1996 trial, would  trigger the "normal"

3   starting date set forth in § 2244(d)(1)(A), while Grounds one, two, and four, which relate to the issue

4   of restitution, would necessarily trigger a starting date set forth in § 2244(d)(1)(D), the Court will

5   review the timeliness of each claim on a claim-by-claim basis.  However, Respondent does not

6   contend that those three claims are untimely.  Accordingly, the Court will only address whether

7   Grounds three, five, six, seven, and eight are timely.  The remaining three grounds will be reviewed

8   as to whether they meet the "in custody" requirement of federal habeas law.

9       **C.  Limitation Period for Filing a Petition for Writ of Habeas Corpus**

10          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

11  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

12  corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063

13  (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

14  (1997).  The instant petition was filed on February 5,  2009, and thus, it is subject to the provisions

15  of the AEDPA.

16          The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

17  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

18  reads:

19          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
20  corpus by a person in custody pursuant to the judgment of a State court.  The
    limitation period shall run from the latest of –

21              (A) the date on which the judgment became final by the conclusion of direct
    review or the expiration of the time for seeking such review;

22

23              (B) the date on which the impediment to filing an application created by
    State action in violation of the Constitution or laws of the United States is removed, if
    the applicant was prevented from filing by such State action;

24

25              (C) the date on which the constitutional right asserted was initially recognized by
    the Supreme Court, if the right has been newly recognized by the Supreme Court and made
    retroactively applicable to cases on collateral review; or

26

27              (D) the date on which the factual predicate of the claim or claims presented
    could have been discovered through the exercise of due diligence.

28          (2) The time during which a properly filed application for State post-conviction or

1    other collateral review with respect to the pertinent judgment or claim is pending shall
     not be counted toward any period of limitation under this subsection.
2

3    28 U.S.C. § 2244(d).

4          In most cases, the limitation period begins running on the date that the petitioner's direct

5    review became final.  Here, the Petitioner was convicted on June 13, 1996.  Petitioner initiated the

6    direct review of his conviction in the California state appellate courts and ultimately filed a petition

7    for review in the California Supreme Court that was denied on June 23, 1999.  Thus, direct review

8    would have concluded on September 21, 1999, when the ninety day period for seeking review in the

9    United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe,

10   188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner

11   would then have one year from the following day, September 22, 1999, or until September 21, 2000,

12   absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

13         As mentioned, the instant petition was filed on February 5, 2009, over eight years after the

14   date the one-year period would have expired as to Grounds three, five, six, seven, and eight.  Thus,

15   unless Petitioner is entitled to either statutory or equitable tolling, those claims are untimely and

16   should be dismissed.

17         **D.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

18         Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

19   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

20   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

21   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

22   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

23   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

24   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

25   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

26   by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

27   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

28   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

1    (9th Cir. 1999).

2         Nevertheless, there are circumstances and periods of time when no statutory tolling is

3    allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

4    appeal and the filing of an application for post-conviction or other collateral review in state court,

5    because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

6    Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

7    a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a

8    federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120

9    (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,

10   2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already

11   run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

12   ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the

13   state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner

14   is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See

15   Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

16        Here, the documents submitted by Respondent in conjunction with the motion to dismiss

17   establish that Petitioner filed the following state habeas petitions: (1) filed in the California Court of

18   Appeal, Fifth Appellate District ("5th DCA") on November 30, 2006 and denied on January 12, 2007

19   (Lodged Document ("LD") 9, 10); (2) filed in the California Supreme Court on February 15, 2007

20   and denied on May 3, 2007 (LD 11, 12); (3) filed in the Merced County Superior Court on August

21   30, 2007 and denied on January 16, 2008 (LD 13); (4) filed in the 5th DCA on February 26, 2008 and

22   denied on March 14, 2008; (5) filed in the California Supreme Court on April 5, 2008 and denied on

23   October 16, 2008 (LD 16, 17); and (6) filed in the California Supreme Court on July 27, 2008 and

24   denied on February 11, 2009 (LD 18, 19).

25        Unfortunately for Petitioner, even assuming, arguendo, that all of the above petitions were

26   "properly filed" within the meaning of the AEDPA, they do not afford Petitioner any statutory tolling

27   as to Grounds three, five, six, seven, and eight.  A petitioner is not entitled to tolling where the

28   limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d

7

1  1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199

2  F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section

3  2244(d) does not permit the reinitiation of the limitations period that has ended before the state

4  petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to

5  exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

6  Here, as mentioned, the limitations period expired on September 21, 2000, over six years *before*

7  Petitioner filed his first state habeas petition on November 30, 2006. Accordingly, he cannot avail

8  himself of the statutory tolling provisions of the AEDPA based on any of his six state habeas

9  petitions.

10      **E.  Equitable Tolling**

11          The limitation period is subject to equitable tolling when "extraordinary circumstances

12  beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland,

13  410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When

14  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

15  claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d

16  1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of

17  establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some

18  extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. at 418. "[T]he

19  threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions

20  swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a

21  consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

22          Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on

23  the record now before the Court, the Court sees no basis for such a claim.  Accordingly, Petitioner is

24  not entitled to equitable tolling.  Thus, Grounds three, five, six, seven, and eight in the instant

25  petition are untimely and should be dismissed.

26      **F.  Failure To Satisfy The "In Custody" Requirement For Grounds One, Two, and
    Four.**

27

28  Respondent contends that Grounds one, two, and four, which relate exclusively to the

8

1   restitution fines imposed by the state court, must be dismissed because they cannot satisfy the "in

2   custody" requirement.  The Court again agrees.

3          Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a

4   district court shall entertain an application for a writ of habeas corpus in behalf of a person *in*

5   *custody pursuant to the judgment of a State court* only on the ground that he is in custody in

6   violation of the Constitution or laws or treaties of the United States."  (Emphasis supplied).

7   The "in custody" requirement is jurisdictional for a federal habeas court.  Baily v. Hill, 599 F.3d 976,

8   978 (9th Cir. 2010).  In Baily, the Ninth Circuit observed that the "in custody" requirement of federal

9   habeas law has two aspects.  First, the petitioner must be "under the conviction or sentence under

10  attack at the time his petition is filed."  Baily, 599 F.3d at 978-979, *quoting* Resendiz v. Kovensky,

11  416 F.3d 952, 956 (9th Cir. 2005).   For this aspect of "in custody," actual physical custody is not

12  indispensable to confer jurisdiction; rather, the court will have habeas jurisdiction if a sufficient

13  "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists.  Id. at

14  979.  In this case, because Petitioner was in physical custody of Respondent at the time he filed the

15  instant petition, and has remained in the physical custody of Respondent throughout these

16  proceedings, this first aspect of the "in custody" requirement is not at issue.

17         The second aspect of "in custody," however, is fatal to Petitioner's habeas claim:

18         The plain meaning of the test of § 2254(a) makes clear that physical custody alone is
           insufficient to confer jurisdiction.  Section 2254(a)'s language permitting a habeas petition to
19         be entertained 'only on the ground that [the petition] is in custody in violation of the
           Constitution or laws or treaties of the United States," explicitly requires a nexus between the
20         petitioner's claim and the unlawful nature of the custody.

21         Giving the crucial statutory phrase within § 2254(a) its ordinary, natural meaning, we cannot
           but conclude that to sustain his habeas challenge, [petitioner] must show that his custody in
22         itself, or its conditions, offends federal law.  It is not enough for [petitioner] to say, in
           substance, my custody is okay and consistent with federal law, but I should not be burdened
23         by this restitution requirement.  What [petitioner] is required to pay in restitution is not by
           ordinary meaning a part of his custody.

24

25  Baily, 599 F.3d at 980. (Citations omitted).

26         In Baily, the petitioner, as is the case here in Grounds one, two, and four, had challenged only

27  his restitution fine.  After the above discussion, the Ninth Circuit flatly rejected habeas jurisdiction

28  under such circumstances:

[Petitioner's] challenge to the restitution order lacks any nexus, as required by the plain test of § 2254(a), to his custody.  While [petitioner's] liberty has been severely restrained by his conviction and custodial sentence, the remedy that [petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact–and is not directed at the source of the restraint on–his liberty.  If successful, [petitioner] could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay to the victim. [Petitioner's] argument is only that he has been ordered to pay restitution "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not that his custody is unlawful.  That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.

Baily, 599 F.3d at 981.

Grounds one, two, and four do not challenge any aspect of Petitioner's two 1996 convictions in the Merced County Superior Court.  Rather, in these three claims, Petitioner's only complaint is the legality and size of the restitution fines that were imposed.  While Petitioner was clearly in the physical custody of Respondent at the commencement of these proceedings, and while he remains in custody of Respondent at this time, such physical custody is insufficient to confer habeas jurisdiction for Grounds one, two, and four.  Id.  In the absence of any challenge to Petitioner's conviction and sentence in those three habeas claims, the required nexus between Grounds one, two, and four and the unlawfulness of Petitioner's custody is absent.  Id.  Accordingly, without habeas jurisdiction, the Court cannot proceed on those claims.  Id.

Based on the foregoing, the Court concludes that Grounds one, two, and four do not meet the "in custody" requirement of federal habeas law and must be dismissed.  Grounds three, five, six, seven, and eight are untimely under the AEDPA.  Therefore, the Court will recommend that Respondent's motion to dismiss be granted.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 10), be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period and because the timely claims do not meet the "in custody" requirement.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

1    Within twenty (20) days after being served with a copy, any party may file written objections with

2    the court and serve a copy on all parties.  Such a document should be captioned "Objections to

3    Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

4    filed within fourteen (14) <u>court</u> days (plus three days if served by mail) after service of the

5    objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

6    (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive

7    the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8

9    IT IS SO ORDERED.

10   Dated:   **June 2, 2010**                                        **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11